UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN MEDINA,

                      Plaintiff,

  -against-

THE CITY OF NEW YORK; NEW JERSEY
TRANSIT; NEW JERSEY TRANSIT EMPLOYEE
ALVIN HORSLEY, individually and in his capacity
as a member of New Jersey Transit; AMTRAK
POLICE DEPARTMENT; JOSEPH NATIVO,
individually and in his capacity as member of
Amtrak Police Department; JOHN DOES
NUMBERS 1-10, UNKNOWN, AND INTENDED
TO BE NAMED LATER AMTRAK POLICE
OFFICERS INVOLVED IN THE OCCURRENCE
HEREIN, individually and in their respective
capacities as members of Amtrak Police Department.

                      Defendants.
------------------------------------------------------------------X

**Docket No.**

**COMPLAINT**

**Jury Trial Demanded**

The plaintiff, by and through his attorneys, RAISER & KENNIFF, P.C., complaining of the defendants, jointly and severally, herein respectfully shows to this Court and alleges the following:

### PRELIMINARY STATEMENT

1. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, §§11 and 12 of the New York State Constitution. Plaintiff JOHN MEDINA ("Mr. Medina" or "Plaintiff") brings this action for violations of civil rights, negligence, negligent hiring, training, supervision and/or monitoring, abuse of process, and other wrongful acts by THE CITY OF NEW YORK; NEW JERSEY TRANSIT; NEW JERSEY TRANSIT EMPLOYEE ALVIN

HORSLEY, individually and in his capacity as member of New Jersey Transit; AMTRAK POLICE DEPARTMENT; JOSEPH NATIVO, individually and in his capacity as member of Amtrak Police Department; JOHN DOES NUMBERS 1-10, UNKNOWN, AND INTENDED TO BE NAMED LATER AMTRAK POLICE OFFICERS INVOLVED IN THE OCCURRENCE HEREIN, individually and in their respective capacities as members of Amtrak Police Department (hereinafter referred to collectively as "Defendants").

2. Plaintiff alleges on or about April 24, 2014, while Plaintiff was on a New Jersey Transit train in Pennsylvania Station, New York City, a New Jersey Transit employee intentionally struck him multiple times (the "incident").

3. As a result, Plaintiff was injured in the head and knees and required emergency medical care.

4. After Plaintiff sustained injuries, police officers wrongfully detained and arrested Plaintiff and falsely imprisoned him.

5. Plaintiff further alleges that Defendants caused Plaintiff substantial injuries by reason of the intentional misconduct, negligence, recklessness, and/or carelessness conduct of the Defendants.

6. Plaintiff further alleges that Defendants are individually, jointly and severally liable for the violations of Plaintiff's constitutional rights in that said Defendants have:
   a. Wrongful detained and Falsely arrested the Plaintiff
   b. Maliciously prosecuted the Plaintiff
   c. inadequately selected, trained, monitored and supervised the officers in their employment.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1343(a)(3) and (4), this being an action seeking redress, and to recover damages for violations of the Plaintiff's constitutional and civil rights.

8. Plaintiff demands a trial by jury on each and every one of the claims as pled herein.

9. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§1391(b).

## PARTIES

10. Plaintiff, JOHN MEDINA was, at all times relevant herein, a resident of the County of Bronx, State of New York.

11. Defendants NEW JERSEY TRANSIT EMPLOYEE ALVIN HORSLEY and EMPLOYEES, individually and in their capacity as member of New Jersey Transit and Employees are and were at all times relevant herein, officers, employees, and agents of NEW JERSEY TRANSIT.

12. Defendants JOSEPH NATIVO, JOHN DOES NUMBERS 1-10, UNKNOWN, AND INTENDED TO BE NAMED LATER AMTRAK POLICE OFFICERS INVOLVED IN THE OCCURRENCE HEREIN are individually and in their capacity as members of Amtrak Police Department, are and were at all times relevant herein, officers, employees, and agents of AMTRAK POLICE DEPARTMENT.

13. NEW JERSEY TRANSIT is a municipal agency of the STATE OF NEW JERSEY. EMPLOYEE Officers are being sued individually and in their official capacity.

14. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department,

which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risk attaches to the public consumers of the services provided by CITY OF NEW YORK.

## STATEMENT OF FACTS

15. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16. Plaintiff is a 46 year old male and veteran, who was discharged from the United States Army from active duty.

17. On or about October 24, 2014, Plaintiff was on a New Jersey transit train that left New Jersey for Pennsylvania Station, New York City.

18. The Plaintiff boarded the train around 6:15PM and fell asleep on a seat. He was awoken vigorously by Defendant train employee who asked him, "where's your ticket?" The Plaintiff responded, "I got a ticket, hold on a minute. That was really rude, you didn't have to do that." The Defendant train employee responded, "Just get off of the train." The Plaintiff followed saying, "No, I have a ticket." The Defendant train employee said, "Want me to call police officers?" The Plaintiff responded, "Yes, call." The Defendant train employee then took the Plaintiff's ticket out of his hand and said, "this ticket is no good, it is wrong kind of ticket."

19. The Plaintiff then reached into his pocket to show his military identification and the Defendant train employee then slapped it out of his hand onto the train tracks.

20. The Defendant train employee then first punched the Plaintiff in the mouth. The Plaintiff fell to his knees, was dazed, got up and said to the Defendant, "why did you hit me?"

21. The Defendant train employee moved closer and proceeded to punch the Plaintiff in the face a second time. The Plaintiff then said, "is that all you have got?"

22. The Defendant train employee shouted, "I fear for my life," and signaled for police to come to the scene of the incident.

23. The Plaintiff was then falsely arrested and detained by Defendants police officers for 3 hours. The Plaintiff was repeatedly verbally harassed and antagonized.

24. On the next day after the incident, The Plaintiff went to the emergency room at St. Francis Medical Center in Trenton, New Jersey. The Plaintiff went because he felt pain in his mouth and knees that resulted from the incident. The medical treating staff diagnosed Plaintiff with a bleeding skin tag in his left eyelid and a sprain in his right knee.

25. As a direct and proximate result of the wrongful acts described above, the Plaintiff has sustained or will sustain in the future the following injuries and damages: a) to his mouth; b) physical use of right his knee; c) a bleeding skin tag in his left eyelid; and d) conscious pain and suffering; and e) economic losses, including medical expenses.

## FIRST CLAIM

## VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983 AND BY THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

26. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

27. At all times relevant herein, the conduct of all Defendants were subject to the provisions of 42 U.S.C. §§1983 and 1988.

28. As of October 24, 2014, there existed a clearly recognized federal right pursuant to the Eighth and Fourteenth Amendments of the United States Constitution to be free from cruel and unusual punishment by government actors and deprivation of liberty without due process of law.

29. The conduct and actions of Defendants, acting jointly and severally under color of state law, in unlawfully ignoring the Incident and the serious injuries Plaintiff sustained, and unlawfully and unreasonably using excessive force was done intentionally, maliciously, negligently, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to cause and did cause specific and serious bodily, pain and suffering, to his mouth, his left eyelid and physical use of right his knee; in violation of the Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

30. As a direct and proximate result of all of the Defendants' wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, conscious pain and suffering, to his mouth and

physical use of his knee, without any negligence on the part of the Plaintiff contributing thereto.

## SECOND CLAIM

### VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983 AND BY THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

### (FALSE ARREST AND FALSE IMPRISONMENT)

31. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

32. In committing the acts complained of herein, Defendants THE CITY OF NEW YORK; NEW JERSEY TRANSIT; NEW JERSEY TRANSIT EMPLOYEE ALVIN HORSLEY, individually and in his capacity as member of New Jersey Transit; AMTRAK POLICE DEPARTMENT; JOSEPH NATIVO, individually and in his capacity as member of Amtrak Police Department; JOHN DOES NUMBERS 1-10, UNKNOWN, AND INTENDED TO BE NAMED LATER AMTRAK POLICE OFFICERS INVOLVED IN THE OCCURRENCE HEREIN acted under color of state law by falsely arresting, detaining the Plaintiffs with no basis in fact or law to do so, and caused Plaintiff to be falsely imprisoned. In violating Plaintiffs' right to be free from false arrest and false imprisonment, the Defendants violated Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

33. As a direct and proximate result of the violation of their constitutional right to be free from false arrest and false imprisonment by the Defendants, Plaintiffs suffered serious personal injuries and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

## THIRD CLAIM

### VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983 AND BY THE FORTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

### (MALICIOUS PROSECUTION)

34. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

35. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

36. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as employees and police officers and their acts or omissions were conducted within the scope of their official duties or employment.

37. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

38. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

39. Individual Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution.

40. Individual Defendants conspired and/or acted in concert to institute, procure and continue a criminal proceeding for felonious counts of: Menacing in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree, Menacing in the Third Degree, Attempted

Assault in the Third Degree, Criminal Trespass in the Third Degree, and Harassment in the Second Degree all against Plaintiff without probable cause.

41. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

42. The procurement of prosecution against Plaintiff for the known to be false allegations of Menacing in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree, Menacing in the Third Degree, Attempted Assault in the Third Degree, Criminal Trespass in the Third Degree, and Harassment in the Second Degree were malicious, shocking, and objectively unreasonable in the light of the circumstances.

43. Those criminal proceedings terminated in Plaintiff's favor. The prosecutor dropped the charges without any compromise by Plaintiff, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

44. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

45. These individual Defendants acted in concert and joint action with each other.

46. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

47. Defendants are not entitled to qualified immunity for the complained of conduct.

48. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

49. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein

entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

50. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained of his knee and mouth injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

51. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a.    Compensatory damages;

    b.    The convening and empanelling of a jury to consider the merits of the claims herein;

    c.    Costs and interest and attorneys' fees; and

    d.    Such other and further relief as this Court may deem appropriate and equitable.

DATED: Mineola, New York
         July 15, 2015

**RAISER & KENNIFF, P.C.**

By: _/s/ James M. Ingoglia_
    James Ingoglia, Esq.

300 Old Country Road, Suite 351
Mineola, New York 11501
Telephone: (516) 742-7600
jingoglia@raiserkenniff.com
*Attorney For Plaintiff*